IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.

DARRYL BOYNES,

Defendant.

Criminal Action Number 3:05CR313

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the Government's Motion in Limine and Notice of Potential Conflict.  For the reasons discussed herein, the Government's Motion is GRANTED.

I.

Darryl Boynes, Jr. was charged in both counts of a two count Criminal Information alleging: conspiracy to distribute five grams or more of cocaine base and possession with intent to distribute cocaine hydrochloride.  On July 27, 2005, the Court convened a plea hearing in this matter.  During the plea colloquy, the Defendant indicated that he no longer wished to plead guilty.  The Government filed this Motion in Limine to admit the Defendant's statements in his Plea Agreement and Statement of Facts in the United States' case-in-chief at trial.

From early May 2005 until July 27, 2005, the United States and the Defendant through counsel engaged in plea negotiations regarding Defendant's criminal conduct alleged in a Criminal Complaint.  In early July, Defendant's attorney, Jeffrey Everhart informed the Government that Defendant would like to enter a plea agreement.  The Defendant agreed to plead guilty to a Criminal Information that alleged on October 16, 2003, he shot and killed William Jenkins during a drug transaction.  He also agreed to receive a thirty-five year sentence.  The Government delivered a Plea Agreement and Statement of Facts to Defendant's counsel and filed a two count Criminal

Information on July 18, 2005.  On July 21, 2005 the Defendant and his attorney appeared before this Court for a plea hearing pursuant to the proposed plea agreement.  During the plea hearing, the Defendant did not sign the proposed plea agreement and requested a continuance.  The Court reset the plea hearing for July 27, 2005.   The Assistant United States Attorney ("AUSA") Peter Duffey executed the same Plea Agreement and the Statement of Facts on July 27, 2005.  Defense Counsel Jeffrey Everhart and the Defendant also signed the Plea Agreement and the Statement of Facts. During the plea colloquy, the Defendant indicated he no longer wished to plead guilty.

II.

The Statement of Facts the Government now seeks to admit in its case-in-chief was part of the plea negotiations.  Generally, according to Federal Rule of Evidence 410, statements made during the course of plea negotiations that are later withdrawn are generally inadmissible against the Defendant.[1]   The determination of whether statements made by an accused were in the course of plea negotiations must be done on a case-by-case basis, examining the totality of the surrounding circumstances.  United States v. Grant, 622 F.2d 308, 312 (8th Cir. 1980).   The Government incorrectly contends the plea negotiations had already ended when Defendant made the statements. Although Defendant signed the Statement of Facts after plea negotiations had ended, the statements

---

[1]Federal Rule of Evidence 410 provides in pertinent part:
Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
(1) a plea of guilty which was later withdrawn;
(2) a plea of nolo contendere;
(3) any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding either of the foregoing pleas;
(4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea guilty later withdrawn.
Fed R. Crim P. 11(f) states "[t]he admissibility or inadmissibility of a plea, a plea discussion, and relevant statement is governed by Federal Rule of Evidence 410."

2

were made and agreed on during the course of plea negotiations with the Government, and are subject to the plea statement rules.  See United States v. Young, 223 F.3d 905, 909 (8th Cir. 2000) (holding Defendant's agreement to sign affidavit as part of plea agreement was part of the plea negotiation process).  The Statement of Facts is unquestionably a statement made in "the course of plea discussions with an attorney for the prosecuting authority which d[id] not result in a plea of guilty," as provided by Fed. R. Evid. 410.  Therefore, the Statement of Facts is protected by Fed. R. Evid. 410 and Fed. R. Crim. P. 11(f) and is generally inadmissible unless the protection is waived.

III.

The general protection of inadmissibility of statements made during plea negotiations may be waived by the Defendant.  United States v. Mezzanatto, 513 U.S. 196, 210 (1995) (holding the protections offered by Fed. R. Crim P. 11(f) and Fed. R. Evid. 410 are presumptively waivable).  Before Defendant's waiver may be deemed unenforceable, there must be "some affirmative indication that the agreement was entered into unknowingly or involuntarily."  Mezzanatto, 513 U.S. at 210.  "[A] voluntary waiver is one that is the product of a free and deliberate choice rather than intimidation, coercion, or deception."  United States v. Young, 223 F.3d 905, 910 (8th Cir. 2000) (citation omitted).  "A knowing waiver is one made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  Id. (citation omitted).

Defendant's decision to enter the Plea agreement, and waive protection pursuant to Fed. R. Evid. 410 and Fed. R. Crim P. 11(f) was knowing and voluntary.  The plea agreement, signed by the Defendant clearly states Defendant understands its provisions and its consequences.   In pertinent part, the plea agreement executed by the parties states:

3

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States.   The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney).   If the defendant withdraws from this agreement . . . then:

. . . .

Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant.   The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Plea Agreement at 8–9.  Where the Defendant has placed his signature, the plea agreement states:

I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information.   Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.   I have read this plea agreement and carefully reviewed every part of it with my attorney.   I understand this agreement and voluntarily agree to it.

Id. at 10–11.

AUSA Peter Duffey, the Defendant, and his attorney signed the Plea Agreement and the Statement of Facts on July 27, 2005.  The Agreement states Defendant understands the its provisions, among which was that a consequence of breaching could be that he waives the right to claim inadmissibility of the statement of facts pursuant to Fed. R. Evid. 410, Fed. R. Crim. 11(f), or any other Constitutional provision.  Further, by signing the agreement, the Defendant admitted that he discussed it and his rights with his attorney, and voluntary agreed to its terms.

4

Defendant's waiver was also preceded by several questions from this Court.  During the plea colloquy, the Court outlined the essential terms of the plea agreement. Plea Hearing Tr. at 7–8.  The Court specifically asked Defendant, whether he had an opportunity to discuss his charges with counsel, and whether he was satisfied with the representation and advice he received in this matter.  Id. at 4.  In addition, the Court asked Defendant  whether anyone attempted to force him to plead guilty.  He stated "No, Your Honor."  Id. at 9.  The Court terminated the hearing when Defendant indicated he would not plead guilty.

Defendant's statements to the Court and signature on the plea documents are strong evidence that the plea was voluntary.  See United States v. Lambey, 974 F.2d 1389, 1394–95) (4th Cir. 1992)  (en banc) (stating that a defendant's Rule 11 hearing statements may not ordinarily be repudiated); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (finding that defendant's statement at Rule 11 hearing that he was not coerced constitutes "strong evidence of the voluntariness of his plea.").  Defendant stood before this Court, signed and attested to his voluntarily entering the plea.  There is no evidence before the Court that Defendant was coerced or intimidated into waiving his rights, or unaware of the rights he would be abandoning.  Defendant does not provide sufficient evidence to show that the waiver of his inadmissibility right was involuntary or unknowing.

IV.

The Government is entitled to use Defendant's Statements of Facts during its case-in-chief, and not just for impeachment purposes.  Pursuant to Mezzanatto, other courts have held that the Defendant may waive his or her rights during their case-in-chief.  Another Court in this Circuit has held that a Defendant's signed Statement of Facts could be used in the

5

Government's case-in-chief at trial.  United States v. El-Amin, 268 F. Supp.2d 639, 642 (E.D. Va. 2003).   Additionally, the D.C. Circuit Court of Appeals has held that a waiver of Defendant's protections allowing for plea statements to be used in the government's case-in-chief was valid and enforceable.  United States v. Burch, 156 F.3d 1315, 1320 (D.C. Cir. 1998), cert denied, 526 U.S. 1011 (1999) (upholding the trial court's decision to allow statements made in a plea proceeding and a subsequent debriefing to be used as part of the prosecution's case-in-chief).  Thus, the Court held it would extend Mezzanatto's rationale to permit waivers for the prosecution's case-in-chief as well as for impeachment. Id.  Since the Defendant knowingly and voluntarily waived his protection of inadmissibility, the statements are admissible in the Government's case-in-chief.

V.

The Court is in receipt of Defendant's handwritten Motion requesting to be relieved of his present Counsel.  The Court already relieved Defendant's former counsel pursuant to Defendant's request.  The Court is not inclined to appoint new Counsel for the Defendant at this time.

An appropriate Order shall accompany this Opinion.


ENTERED this _9th_ day of January, 2006


                                                            /s/
_____          _____
                                                James R. Spencer
                                                UNITED STATES DISTRICT JUDGE