UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

DARRYL BOYNES,

Petitioner.

Civil Action No. 3:05–CR–313

# MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Darryl Boynes's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") (ECF No. 93). The Court previously denied Boynes's § 2255 Motion on October 20, 2011, without granting Petitioner's request for an evidentiary hearing. On appeal, the Fourth Circuit vacated the Court's Order as to a single allegation of ineffective assistance of counsel and remanded the case so that an evidentiary hearing could be held. An evidentiary hearing was held on December 3, 2013.

I. BACKGROUND

A. Procedural History

Boynes was detained on a criminal complaint in May 2005. He was eventually charged in a three-count indictment for conspiracy to distribute five or more grams of cocaine, cocaine distribution, and possession of a firearm in furtherance of a drug trafficking crime and in causing the death of William Jenkins. *See* 21 U.S.C. §§ 841, 846; 18 U.S.C. § 924(c) and (j). On February 1, 2006, three weeks before trial, Boynes moved to waive his right to jury trial through his Attorney, Jeffrey Everhart.[1] The Court granted the motion on the same day. The Court presided over a bench trial on February 21, 2006, and found Boynes guilty on all three counts.

---

[1] Everhart was Boynes's second court-appointed attorney, and the Court had previously denied Boynes's request for new counsel on the grounds that Boynes had failed to provide a sound reason for the appointment of a third competent attorney.

1

Subsequently, Boynes filed a complaint against Everhart with the Virginia State Bar, causing Everhart to seek to withdraw as counsel. Boynes alleged that Everhart had waived Boynes's right to a jury trial without the defendant's consent—an allegation to which Everhart strenuously objected. The Court granted the motion to withdraw, and the Clerk appointed Attorney Mark Tyndall to represent Boynes during his sentencing phase.

On July 26, 2006, while represented by Tyndall, Boynes moved for a new trial, arguing that he never consented to a waiver of his right to a jury trial. The Court heard the motion at a consolidated hearing on July 31, 2006 ("Motions Hearing"). Boynes did not testify at the Motions Hearing, but argued through counsel that he never verbally waived his right to a jury in court. Everhart testified under oath that Boynes had communicated to Everhart both that he understood his Sixth Amendment right to a jury trial and also that he wanted to proceed with a bench trial for strategic reasons. The Court found that Boynes's waiver was knowing and voluntary and accordingly denied Boynes's motion for a new trial. The Court subsequently sentenced Boynes to the statutory maximum sentences on Counts One and Two, to be served concurrently, and a consecutive term of life in prison on Count Three.

On direct appeal, the Fourth Circuit affirmed Boynes's conviction and later denied a hearing *en banc*. *See United States v. Boynes*, 515 F.3d 284 (4th Cir. 2008); *United States v. Boynes*, 523 F.3d 451 (4th Cir. 2008). The panel noted that it would prefer a district court to "insure itself on the record before accepting the defendant's jury waiver." *Id.* at 286-88. Nonetheless, the panel held that the Court did not err when it found no evidence supporting Boynes's claim that Everhart unilaterally waived Boynes's right to a jury trial. *Id.* The panel further rejected Boynes's argument that his contentious relationship with Everhart made it impossible for Boynes to knowingly and voluntarily waive his right to jury trial. *Id.* at 287-88. The Fourth Circuit later denied rehearing *en banc*.

On October 6, 2010, Boynes filed the instant § 2255 Motion, alleging eighteen separate

grounds for relief. One of these grounds alleged that Attorney Tyndall provided Boynes with constitutionally deficient assistance of counsel ("Sixth Amendment Claim").[2] Specifically, Boynes alleged that because of Attorney Tyndall's friendship with Boynes's former counsel, Everhart, Tyndall improperly denied Boynes the opportunity to testify at the Motions Hearing in support of his motion for a new trial. Boynes asserts that he informed Tyndall he wanted to tell the Court that Everhart had never discussed "waiving his right to jury trial," but that Tyndall refused to pursue the issue "because of his friendship and close relationship with prior defense counsel Mr. Everhart." (Pet'r's Mem. Supp. 2255 Mot. 13-14.)

B. Prior Opinions

In its initial consideration of Boynes's Sixth Amendment Claim, this Court asked, as a threshold question, whether Boynes had a constitutional right to testify at the Motions Hearing. The Court acknowledged that the Sixth Amendment guarantee to testify at trial on one's own behalf extends to certain post-trial proceedings. *Rock v. Arkansas*, 483 U.S. 44, 51 n.9 (1987). However, the Court reasoned that denying Boynes the opportunity to testify at a motion for a new trial implicated neither Fifth nor Sixth Amendment rights because he had been afforded the opportunity to present evidence at the Motions Hearing and to call witnesses during his trial.

The Court did note, however, that "[d]ue process might have required Tyndall to allow Boynes to testify, had there been any allegation, or any evidence, that Boynes objected to Everhart about the waiver of his right to a jury trial." *United States v. Boynes*, No. 3:05-CR-313, 2011 U.S. Dist. LEXIS 157463, at *41 (E.D. Va. Oct. 20, 2011). However, the Court relied on its prior determination, affirmed by the Fourth Circuit, to conclude that no such evidence existed. *See United States v. Boynes*, 515 F.3d 284 (4th Cir. 2008).[3] Accordingly, the Court denied

---

[2] Boynes's § 2255 Motion asserted several claims arising from alleged violations of the Sixth Amendment. However, the Fourth Circuit designated this defined term for the allegation currently at issue.

[3] The Court additionally posited that Tyndall's decision to deny Boynes's request to testify at the post-trial hearing may have been a tactical choice, in light of the Court's emphatic rejection of Boynes's credibility at trial.

Boynes's § 2255 Motion on the Sixth Amendment Claim, as well as all other claims asserted.

On appeal, the Fourth Circuit noted that Boynes could be entitled to relief if he could prove that Tyndall "labored under an 'actual conflict of interest.'" *United States v. Boynes*, No. 11-7711, 2013 U.S. App. LEXIS 11910, at *2 (4th Cir. 2013) (citing *Cuyler v. Sullivan*, 446 U.S. 335 (1980)). The court indicated that the existence of an actual conflict of interest negated the requirement to prove prejudice resulted from constitutionally deficient representation. The Fourth Circuit noted, however, that Boynes could also attempt to prove that Tyndall's representation was deficient under the more common standard requiring proof of deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1987). The court could not say that Boynes's § 2255 Motion and the case record conclusively show that he was not entitled to relief. As such, the Fourth Circuit concluded that an evidentiary hearing was required, *see United State v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992), and remanded the case.

II. FINDINGS OF FACT

The Court heard evidence and argument during Boynes's evidentiary hearing on December 3, 2013, and finds the testimony of Tyndall to be credible and uncontroverted. Tyndall testified that he had no relationship with Everhart beyond a professional acquaintance. After his appointment, Tyndall developed a strategy for the Motions Hearing based, in part, on a concern that Boynes would be deemed less credible than Everhart as a testifying witness. Tyndall informed Boynes that Everhart was professionally respected in the legal community and advised Boynes not to testify at the Motions Hearing. Instead, Tyndall believed that Boynes could be granted a new trial on the ground that there was neither a written jury trial waiver nor a verbal waiver on the record. While Boynes initially requested to testify at the Motions Hearing, he ultimately accepted Tyndall's advice and chose not to testify.

III. CONCLUSIONS OF LAW

The Court finds, based on the testimony and legal authority presented at the evidentiary

hearing, that Tyndall was not operating under an actual conflict of interest at any time during his representation of Boynes and, additionally, that Tyndall's advice that Boynes not testify at the Motions Hearing does not constitute ineffective assistance of counsel under the Strickland standard.

The Fourth Circuit has explained that "when counsel is burdened by an actual conflict of interest, he 'breaches the duty of loyalty, perhaps the most basic of counsel's duties.'" *United States v. Stitt*, 552 F.3d 345, 350 (4th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 692 (1984)), *cert. denied*, 558 U.S. 831 (2009). If a petitioner can demonstrate both the existence of an actual conflict of interest and also that the conflict adversely affected his counsel's performance, prejudice is presumed, and the petitioner is entitled to relief. *Id.* However, the adverse effect of an actual conflict of interest "cannot be presumed from the mere existence of a conflict of interest." *Id.* (quoting *Rubin v. Gee*, 292 F.3d 396, 401 (4th Cir. 2002)). Rather, the petitioner must "identify a plausible alternative strategy or tactic that his defense counsel might have pursued . . . show that the alternative strategy or tactic was objectively reasonable under the facts of the case known to the attorney at the time of the attorney's tactical decision . . . [and] establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict." *Id.* at 351 n.4 (citing *Mickens v. Taylor*, 240 F.3d 348, 361 (4th Cir. 2001) (en banc), *aff'd*, 535 U.S. 162 (2002).

Boynes has failed to demonstrate each element of the foregoing standard. First, Boynes has failed to show that Tyndall operated under an actual conflict of interest. The uncontroverted evidence establishes that Tyndall had no more than a professional acquaintance with Everhart. There is no hint that this relationship or Tyndall's comments on Everhart's professional reputation created a conflict of interest or caused Tyndall to consider anyone's interests but Boynes's.

Second, even assuming that an actual conflict of interest existed, Boynes has failed to

show that Tyndall's performance was adversely affected. A plausible alternative strategy for the Motions Hearing arguably did exist: Boynes could theoretically have offered testimony at the Motions Hearing that would have directly conflicted with Everhart's and which would have asserted that Boynes never discussed jury trial waiver with Everhart. However, such a strategy was not objectively reasonable in light of the facts known to Tyndall at the time of his tactical decision. Tyndall testified at the evidentiary hearing that he had obtained, through discovery, three letters sent by Everhart to Boynes confirming Boynes's waiver of jury trial. Tyndall testified that he questioned Boynes about these letters, but that Boynes never gave any explanation for them. Additionally, Tyndall stated that his tactical decision was based on two additional considerations—specifically, Boynes failed to raise the disputed jury trial waiver at any point during the bench trial, and the Court emphatically rejected Boynes's testimony and credibility at trial. In light of the case history and the unexplained letters, it was not objectively reasonable for Tyndall to pursue a litigation strategy that would pit Boynes's credibility against Everhart's. Additionally, there is absolutely no evidence that Tyndall's tactical decision was linked in any way to the alleged conflict of interest. For these reasons, Boynes has failed to show either that Tyndall operated under a conflict of interest or that such an alleged conflict of interest adversely affected Tyndall's representation of Boynes.

Nevertheless, Boynes would also be entitled to relief if he could meet the familiar *Strickland* standard by showing that (1) his "counsel's representation fell below an objective standard of reasonableness"; and (2) there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. When determining whether representation was deficient, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 389

(quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Boynes has failed to demonstrate either prong of the *Strickland* standard. Rather, the testimony adduced at the evidentiary hearing clearly demonstrates that Tyndall's advice was a purely tactical decision based on objectively reasonable concerns that the Court would not find Boynes's testimony credible. Boynes has offered no evidence to demonstrate that this tactical decision was not reasonable under the circumstances. Additionally, Boynes has offered no evidence that the outcome of the Motions Hearing would have been different if he had rejected Tyndall's advice and taken the witness stand. Accordingly, Boynes has failed to show that Tyndall's representation was constitutionally deficient under the *Strickland* standard.

Because Boynes has failed to show that Tyndall's representation was constitutionally deficient, under either *Cuyler*, 446 U.S. 335, or *Strickland*, 466 U.S. 668, the Court will DENY the Boynes's remaining ineffective assistance of counsel claim and DISMISS his § 2255 Motion.

IV. <u>CERTIFICATE OF APPEALABILITY</u>

A district court that enters a final order dismissing motion pursuant to 28 U.S.C. § 2255 must grant or deny a certificate of appealability. Rules Governing § 2255 Proceedings 11(a). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy section 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). The petitioner must prove "more than the absence of frivolity" in his claim for relief, but need not prove that some jurists would grant the petition for habeas corpus. *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). For the reasons stated more fully above, no law or evidence suggests that Boynes is entitled to further consideration in this matter.

The Court, therefore, will DENY a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Boynes.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this ___23rd___ day of January 2014.